# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

### Holding a Criminal Term
### Grand Jury Sworn in on May 7, 2012

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **Criminal No. 13-219 (RBW)** |
| | : | |
| | : | |
| **v.** | : | |
| | : | **VIOLATIONS:** |
| | : | |
| **HOWARD E. PERSON, JR.,** | : | **18 U.S.C. § 1341 (Mail Fraud);** |
| | : | **18 U.S.C. § 1344 (Bank Fraud);** |
| | : | **18 U.S.C. § 1343 (Wire Fraud);** |
| | : | **18 U.S.C. § 1957 (Monetary** |
| | : | **Transactions);** |
| **Defendant.** | : | **18 U.S.C. § 2314 (Interstate** |
| | : | **Transportation of Money Taken by** |
| | : | **Fraud);** |
| | : | **18 U.S.C. §§ 1029(a)(2) and (c)(1)(A)(i)** |
| | : | **(Access Device Fraud);** |
| | : | **18 U.S.C. § 2 (Aiding and** |
| | : | **Abetting and Causing an Act to be Done);** |
| | : | **22 DC Code §§ 3211, 3212(a)** |
| | : | **(First Degree Theft).** |
| | : | |
| | : | **FORFEITURE:** |
| | : | **18 U.S.C. §§ 981(a)(1)(C), 982(a)(1),** |
| | : | **(a)(2)(A), (a)(2)(B), 28 U.S.C. § 2461(c), 21** |
| | : | **U.S.C. § 853(p).** |

## S U P E R S E D I N G   I N D I C T M E N T

The Grand Jury charges that:

### COUNT ONE

### Mail Fraud

### Introduction

At all times material to this Indictment:

    1.       CBH was the founder and president of a company identified herein as "H

Company," which was incorporated in the District of Columbia in 1995, with its headquarters located in Northeast, Washington, D.C.

2.      H Company provided services to government and corporate clients, including the United States Department of Energy and others.  These services included conversion and records management, training and development, and project management.

3.      H Company received payments for work performed for clients in a variety of ways, including the following:

    A.      Clients mailed checks to H Company's headquarters in the District of Columbia;

    B.      Government clients deposited money into H Company's bank account through electronic payments directly from the U.S. Government Treasury;

    C.      Wells Fargo Bank made loan payments to H Company in anticipation of the company receiving payments from the government for work performed (by financing accounts receivable, a financial arrangement known as "factoring").  Typically, Wells Fargo Bank would loan the company 90 percent of the anticipated payment, as evidenced by amounts on invoices, with the government subsequently sending its payment directly to Wells Fargo Bank.

4.      The defendant, HOWARD E. PERSON, JR., was a cousin of CBH, and was hired by CBH to be the Finance Director of H Company in 2002.  As the Finance Director, PERSON managed and maintained all of the financial accounts and records for the company.  He was responsible for and oversaw the company's payroll, accounts receivable, accounts payable, invoices, bank accounts, loans, and expense payments.  His office was located at the H Company headquarters in the District of Columbia.

5.      In April 2004, CBH added the defendant, HOWARD E. PERSON, JR., as an authorized signer on the H Company SunTrust Bank business bank account (#xxx4779,

hereinafter the "authorized account").  The address for the account was the address of the

company, in Northeast, Washington, D.C., and SunTrust Bank mailed periodic monthly bank

statements to the company at this company's address.

6.      Wells Fargo Bank was a financial institution with deposits insured by the Federal

Deposit Insurance Corporation.

### The Scheme to Defraud

7.      From in or about March 2008, until in or about September 2011, within the

District of Columbia and elsewhere, the defendant, HOWARD E. PERSON, JR., devised and

intended to devise a scheme and aided and abetted the scheme to defraud and for obtaining

money and property by materially false and fraudulent pretenses, representations, and promises.

### The Purpose of the Scheme to Defraud

8.      It was the purpose of the scheme to defraud that the defendant, HOWARD E.

PERSON, JR., would embezzle money from H Company by various devices, including by

diverting money from H Company to a bank account which he exclusively controlled.

### The Manner and Means of the Scheme to Defraud

9.      It was a part of the scheme to defraud that the defendant, HOWARD E. PERSON,

JR., caused a bank account (#xxxx2870) to be opened at SunTrust Bank in the name of H

Company, but with himself as the sole person with authority to conduct financial transactions on

the account.  CBH was not aware of this account (hereinafter referred to as the "secret" bank

account) and did not authorize the defendant PERSON to maintain a company account solely in

his exclusive control.

10.     It was a further part of the scheme to defraud that to satisfy SunTrust Bank's requirement that monthly account statements for business accounts be mailed to a physical address, the defendant, HOWARD E. PERSON, JR., falsely provided SunTrust Bank with his own home address as the address of CBH Company and the address to which SunTrust Bank should mail the monthly account statements in order to conceal from CBH the existence of the secret account and in order to exercise control over the balances in the account.

11.     It was a further part of the scheme to defraud that the defendant, HOWARD E. PERSON, JR., obtained payment checks which had been mailed and delivered from H Company clients to H Company's headquarters in the District of Columbia for payment of work performed; instead of depositing the checks into the authorized H Company bank account, PERSON caused them to be deposited into the secret bank account over which he had exclusive control, without the permission of the owner, CBH.

12.     It was a further part of the scheme to defraud that the defendant, HOWARD E. PERSON, JR., without the knowledge and permission of CBH, arranged for H Company clients to pay the secret account instead of the authorized account for work performed by H Company.

13.     It was a further part of the scheme to defraud that the defendant, HOWARD E. PERSON, JR., without the knowledge and permission of CBH and using a forged signature of CBH, arranged for Wells Fargo Bank to send money to the secret account through the factoring agreement, the arrangement of financing accounts receivable for expected payments for work performed by H Company.

14.     It was a further part of the scheme to defraud that through this method of depositing checks, diverting H Company client payments, and Wells Fargo financing, the

4

defendant, HOWARD E. PERSON, JR., obtained in the secret account approximately $6 million, which was due and owing to H Company, without the knowledge and permission of CBH.

15.     It was a further part of the scheme to defraud that in order to conceal the theft, the defendant, HOWARD E. PERSON, JR., transferred approximately $3 million from the secret account to the H Company authorized account, and at times paid legitimate H Company expenses from the secret account.

16.     It was a further part of the scheme to defraud that in order to conceal the theft from CBH, the defendant, HOWARD E. PERSON, JR., at times used fake invoices substantially underreporting the amounts of money due and owing to H Company.  In this way, PERSON was able to trick CBH into believing that the amounts of deposits into the authorized account matched the incoming money as reflected on the invoices.

17.     It was a further part of the scheme to defraud that the defendant, HOWARD E. PERSON, JR., obtained debit cards on the secret account (without the permission and knowledge of CBH) enabling him to charge and cause to be charged goods and services to be paid by the money in the secret account, which was funded by money PERSON stole from H Company.

18.     It was a further part of the scheme to defraud that the defendant, HOWARD E. PERSON, JR., used the remaining approximately $3 million he had diverted for his personal business and enjoyment, including the following:

    A.     Purchase of his home at 523 Florida Avenue, NE, Unit 2, Washington, D.C. for an amount in excess of $340,000;

    B.     Trips to Las Vegas, Atlantic City, Miami, Dominican Republic, and Hawaii;

    C.     Transfer into his personal bank account;

D.      Transfer into his side-business bank account;

E.      Parties and shows through his side-business; and

F.      Withdrawals of over $55,000 in cash and debit card purchases of over $35,000 at casinos in Las Vegas and Atlantic City.

19.     It was a further part of the scheme to defraud that the defendant, HOWARD E. PERSON, JR., used H Company credit cards to incur non-business charges, which were paid by monies from the H Company legitimate bank account.

20.     On or about August 31, 2011, within the District of Columbia and elsewhere, the defendant, HOWARD E. PERSON, JR., for the purpose of executing and attempting to execute the aforesaid scheme and artifice to defraud and for obtaining money and property by materially false and fraudulent pretenses, representations, and promises, and to conceal said scheme, did knowingly cause to be delivered by the United States Postal Service, from SunTrust Bank to his home address of 523 Florida Avenue, NE, Unit 2, Washington, D.C. mail matter, that is, bank account statements for the secret account.

**(Mail Fraud, Aiding and Abetting and Causing an Act to Be Done, in violation of Title 18, United States Code, §§ 1341 and 2).**

## COUNT TWO

### Bank Fraud

21.     From in or about March 2008, until in or about September 2011, within the District of Columbia and elsewhere, the defendant, HOWARD E. PERSON, JR., devised and intended to devise a scheme and aided and abetted the scheme to obtain money owned by and under the custody and control of Wells Fargo Bank by means of false and fraudulent pretenses, representations, and promises.

22.     Paragraphs 1 through 19 of Count One of this Indictment are hereby realleged, and contain the description of the above-mentioned scheme.

**(Bank Fraud, Aiding and Abetting and Causing an Act to Be Done,
in violation of Title 18, United States Code, §§ 1344 and 2).**

## COUNTS THREE - FOUR

### Wire Fraud

23.     From in or about March 2008, until in or about September 2011, within the District of Columbia and elsewhere, the defendant, HOWARD E. PERSON, JR., devised and intended to devise a scheme and aided and abetted the scheme to defraud and for obtaining money and property by materially false and fraudulent pretenses, representations, and promises.

24.     Paragraphs 1 through 19 of Count One of this Indictment are hereby realleged, and contain the description of the above-mentioned scheme.

25.     On or about the dates listed below, in the District of Columbia and elsewhere, the defendant, HOWARD E. PERSON, JR., for the purpose of executing, and attempting to execute and aiding and abetting the execution of the above-described scheme to defraud, did willfully cause to be transmitted in interstate commerce from the District of Columbia to the State of Missouri, by means of a wire communication, certain signs and signals, that is, electronic messages from the Department of Energy accounting department to the Department of Treasury's payment processing department authorizations to pay amounts listed below as due and owing to H Company for services provided, with such payments being sent to the secret bank account, xxxx2870, rather than the authorized bank account of H Company, without the permission and knowledge of CBH:

| COUNT | DATE | AMOUNT |
|-------|------|--------|
| THREE | September 6, 2010 | $335,242.27 |
| FOUR | October 5, 2010 | $230,677.13 |

**(Wire Fraud, Aiding and Abetting and Causing an Act to Be Done,
in violation of Title 18, United States Code, §§ 1343 and 2).**

## COUNTS FIVE - EIGHT

### Access Device Fraud

26.     Paragraphs 1 through 19 of Count One of this Indictment are hereby realleged and incorporated by reference as if set out in full.

27.     Between on or about the dates listed below, in the District of Columbia and elsewhere, the defendant, HOWARD E. PERSON, JR., knowingly and with intent to defraud, used unauthorized access devices, that is, debit cards obtained with the intent to defraud, in that they were obtained on and funded by the secret account, and by such conduct, during or about the dates listed below, obtained things of value aggregating $1,000 or more during that one-year period, said use affecting interstate and foreign commerce, in that goods and services were produced and provided in jurisdictions other than the District of Columbia:

| COUNT | DATES |
|-------|-------|
| FIVE | September 1, 2008, to December 31, 2008 |
| SIX | January 1, 2009, to December 31, 2009 |
| SEVEN | January 1, 2010, to December 31, 2010 |
| EIGHT | January 1, 2011, to December 31, 2011 |

**(Access Device Fraud and Aiding and Abetting,
in violation of Title 18, United States Code, §§ 1029(a)(2), (c)(1)(A)(i), and 2).**

## COUNT NINE

### Interstate Transportation of Money Taken by Fraud

28.     Paragraphs 1 through 19 of Count One of this Indictment are hereby realleged and incorporated by reference as if set out in full.

29.     From in or about March 2008, to in or about December 2011, in the District of Columbia and elsewhere, the defendant, HOWARD E. PERSON, JR., did unlawfully transport and cause to be transported in interstate commerce from the State of Maryland to the District of Columbia money taken by fraud, to wit, money from H Company, of the value of $5,000 or more, knowing the same to have been taken by fraud.

**(Interstate Transportation of Money Taken by Fraud and Aiding and Abetting, in violation of Title 18, United States Code, §§ 2314 and 2).**

## COUNTS TEN - FIFTEEN

### Monetary Transactions

30.     Paragraphs 1 through 19 of Count One of this Indictment are hereby realleged and incorporated by reference as if set out in full.

31.     On or about the dates listed below, in the District of Columbia and elsewhere, the defendant, HOWARD E. PERSON, JR., did knowingly engage and attempt to engage in monetary transactions, that is, the transactions listed below, in the amounts listed below, by, through, and to a financial institution, affecting interstate or foreign commerce, in criminally derived property of a value greater than $10,000, such property having been derived from a specified unlawful activity, that is, Mail Fraud, in violation of 18 U.S.C. § 1341, Bank Fraud, in violation of 18 U.S.C. § 1344, and Wire Fraud, in violation of 18 U.S.C. § 1343:

| COUNT | DATE | TRANSACTION | AMOUNT |
|-------|------|-------------|--------|
| TEN | 8/6/2008 | Counter check | $29,000 |
| ELEVEN | 9/26/2008 | Counter check | $24,000 |
| TWELVE | 7/8/2009 | Counter check | $20,700 |
| THIRTEEN | 11/17/2009 | Electronic transfer | $60,000 |
| FOURTEEN | 5/8/2009 | Electronic transfer | $13,500 |
| FIFTEEN | 8/11/2011 | Electronic transfer | $15,000 |

**(Monetary Transaction, Aiding and Abetting and Causing an Act to Be Done, in violation of Title 18, United States Code, §§ 1957 and 2).**

## COUNT SIXTEEN

### (THEFT IN THE FIRST DEGREE)

32.     Paragraphs 1 through 19 of Count One of this Indictment are hereby realleged and incorporated by reference as if set out in full.

33.     From between in or about March 2008, until in or about December 2011, in a continuing course of conduct, in the District of Columbia, the defendant, HOWARD E. PERSON, JR., wrongfully obtained property, that is, money, worth in excess of $1,000, that is, over $3 million, from H Company with the intent to appropriate the property to his own use and to the use of third persons.

**(Theft in the First Degree, Aiding and Abetting, in violation of Title 22, District of Columbia Code, §§ 3211(b)(2) and 3212(a)).**

## FORFEITURE ALLEGATION

1.     Upon conviction of the offense alleged in Count One of this Indictment, the defendant, HOWARD E. PERSON, JR., shall forfeit to the United States any property, real or

personal, which constitutes or is derived from proceeds traceable to this offense, pursuant to 18

U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).  The property subject to forfeiture includes:

> $100,013.41 seized from Navy Federal Credit Union account number
> 7026774930 held in the name of Global Ventures, LLC.

The United States will seek a forfeiture money judgment against the defendant in the amount of

at least $3,000,000.

2.      Upon conviction of the offense alleged in Count Two of this Indictment, the

defendant, HOWARD E. PERSON, JR., shall forfeit to the United States any property

constituting, or derived from, proceeds he obtained directly or indirectly, as the result of the

offense, pursuant to 18 U.S.C. § 982(a)(2)(A).  The property subject to forfeiture includes:

> $100,013.41 seized from Navy Federal Credit Union account number
> 7026774930 held in the name of Global Ventures, LLC.

The United States will seek a forfeiture money judgment against the defendant in the amount of

at least $3,000,000.

3.      Upon conviction of any of the offenses alleged in Counts Three through Four of

this Indictment, the defendant, HOWARD E. PERSON, JR., shall forfeit to the United States any

property, real or personal, which constitutes or is derived from proceeds traceable to the offense,

pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).  The property subject to forfeiture

includes:

> $100,013.41 seized from Navy Federal Credit Union account number
> 7026774930 held in the name of Global Ventures, LLC.

The United States will seek a forfeiture money judgment against the defendant in the amount of

at least $3,000,000 for each offense.

4.      Upon conviction of any of the offenses alleged in Counts Five through Eight of this Indictment, the defendant, HOWARD E. PERSON, JR., shall forfeit to the United States any property constituting, or derived from, proceeds he obtained directly or indirectly, as the result of the offense, pursuant to 18 U.S.C. § 982(a)(2)(B).  The United States will seek a forfeiture money judgment against the defendant in the amount of at least $1,000 for each offense.

5.      Upon conviction of the offense alleged in Count Nine of this Indictment, the defendant, HOWARD E. PERSON, JR., shall forfeit to the United States any property, real or personal, which constitutes or is derived from proceeds traceable to the offense, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).  The United States will seek a forfeiture money judgment against the defendant in the amount of at least $5,000.

6.      Upon conviction of the offense alleged in Count Ten of this Indictment, the defendant, HOWARD E. PERSON, JR., shall forfeit to the United States any property, real or personal, involved in this offense, or any property traceable to such property, pursuant to 18 U.S.C. § 982(a)(1).  The United States will seek a forfeiture money judgment against the defendant in the amount of at least $29,000.

7.      Upon conviction of the offense alleged in Count Eleven of this Indictment, the defendant, HOWARD E. PERSON, JR., shall forfeit to the United States any property, real or personal, involved in this offense, or any property traceable to such property, pursuant to 18 U.S.C. § 982(a)(1).  The United States will seek a forfeiture money judgment against the defendant in the amount of at least $24,000.

8.      Upon conviction of the offense alleged in Count Twelve of this Indictment, the defendant, HOWARD E. PERSON, JR., shall forfeit to the United States any property, real or

12

personal, involved in this offense, or any property traceable to such property, pursuant to 18 U.S.C. § 982(a)(1).  The United States will seek a forfeiture money judgment against the defendant in the amount of at least $20,700.

9.      Upon conviction of the offense alleged in Count Thirteen of this Indictment, the defendant, HOWARD E. PERSON, JR., shall forfeit to the United States any property, real or personal, involved in this offense, or any property traceable to such property, pursuant to 18 U.S.C. § 982(a)(1).  The United States will seek a forfeiture money judgment against the defendant in the amount of at least $60,000.

10.     Upon conviction of the offense alleged in Count Fourteen of this Indictment, the defendant, HOWARD E. PERSON, JR., shall forfeit to the United States any property, real or personal, involved in this offense, or any property traceable to such property, pursuant to 18 U.S.C. § 982(a)(1).  The United States will seek a forfeiture money judgment against the defendant in the amount of $13,500.

11.     Upon conviction of the offense alleged in Count Fifteen of this Indictment, the defendant, HOWARD E. PERSON, JR., shall forfeit to the United States any property, real or personal, involved in this offense, or any property traceable to such property, pursuant to 18 U.S.C. § 982(a)(1).  The United States will seek a forfeiture money judgment against the defendant in the amount of $15,000.

12.     If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendant:

        a.      cannot be located upon the exercise of due diligence;

        b.      has been transferred or sold to, or deposited with, a third party;

      c.       has been placed beyond the jurisdiction of the Court;

      d.       has been substantially diminished in value; or

      e.       has been commingled with other property that cannot be divided without difficulty;

the defendant shall forfeit to the United States any other property of the defendant, up to the

value of the property described above, pursuant to 21 U.S.C. § 853(p).

**(Criminal Forfeiture, pursuant to Title 18, United States Code, Sections 981(a)(1)(C), 982(a)(1), (a)(2)(A), (a)(2)(B), Title 21, United States Code, Section 853(p), Title 28, United States Code, Section 2461(c)).**

A TRUE BILL

FOREPERSON.

ATTORNEY FOR THE UNITED STATES IN
AND FOR THE DISTRICT OF COLUMBIA